UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN L. PETERSON,
       Petitioner,                                  Honorable Patrick J. Duggan
v.                                                          Case No. 05-71631
HUGH WOLFENBARGER,
       Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 27, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 26, 2005, challenging his 2002 state court convictions of one count of first degree felony murder, two counts of assault with intent to commit great bodily harm less than murder, and possession of a firearm during the commission of a felony. Petitioner contends that he was unlawfully convicted because the trial court erred in denying his pretrial motion to suppress statements he made to the police on February 19, 2000. After Respondent answered the petition on November 2, 2005, this Court referred the matter to Magistrate Judge Paul J. Komives pursuant to 28 U.S.C. § 636.

On April 6, 2006, Magistrate Judge Komives issued a Report and Recommendation ("R&R") in which he concludes that Petitioner's confession was

voluntary and that, therefore, the trial court did not err in denying his motion to suppress. Magistrate Judge Komives also concludes that Petitioner's statement was not taken in violation of his Fifth Amendment right to remain silent. Magistrate Judge Komives therefore recommends that this Court should deny the habeas petition. At the conclusion of his R&R, the magistrate judge informs the parties that they may object to and seek review of the R&R, but to do so they must act within 10 days. On April 6, 2006, Petitioner filed timely objections to the R&R.

In his objections, Petitioner argues that Magistrate Judge Komives erred in finding his confession voluntary under the totality of the circumstances. Relying on *Kaupp v. Texas*, 538 U.S. 626, 123 S. Ct. 1843 (2003), Petitioner also contends that the police seized him without probable cause before the confession was given in violation of the Fourth Amendment; therefore rendering the subsequent confession involuntary. Petitioner also challenges the magistrate judge's reliance on and acceptance of the credibility findings the trial court made at Petitioner's suppression hearing– specifically that the officer who questioned Petitioner was more credible than Petitioner regarding the circumstances surrounding the confession.

Petitioner did not challenge the admissibility of his confession based on the Fourth Amendment in the state courts. In the state courts, Petitioner argued that his confession was obtained in violation of the Fifth Amendment, not that he was unlawfully seized in violation of the Fourth Amendment. Notably in his habeas petition, Petitioner also only asserts a violation of *Miranda* as his basis for relief, claiming that he invoked his right to

remain silent but that the investigating officer nevertheless continued to question him.

Generally a federal court may not grant habeas relief on a claim which the prisoner has not "fairly present[ed]" to the state courts. 28 U.S.C. § 2254(b)(1). In other words, a prisoner must exhaust his or her remedies in state court before presenting those claims in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). Non-exhaustion may be excused, however, where the petitioner's federal constitutional claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Granberry v. Greer*, 481 U.S. 129, 134, 107 S. Ct. 1671, 1674-75 (1987). The Court concludes that Petitioner's Fourth Amendment claim is meritless.

First, the Court does not agree with Petitioner that *Kaupp* controls this case. Unlike the defendant in *Kaupp*, Petitioner appeared voluntarily at the police station, accompanied by his mother. While he asserts that he was placed in a holding cell until the investigating officer arrived at the police station, he was not questioned during this period and he does not claim that any police conduct during this period coerced his subsequent confession. Second, as the Supreme Court further reiterated in *Kaupp*, an illegal detention or seizure will not require suppression of a subsequently obtained statement if the confession was "an act of free will sufficient to purge the primary taint of the unlawful invasion." 538 U.S. at 632, 123 S. Ct. at 1847 (quoting *Wong Sun v. United States*, 371 U.S. 471, 486, 83 S. Ct. 407 (1963)); *see also Brown v. Illinois*, 422 U.S. 590, 602, 95 S. Ct. 2254, 2260-61 (1975). "The threshold requirement for admissibility ... is

3

that the confession must have been voluntary for purposes of the Fifth Amendment." *United States v. Wolfe*, 166 Fed. Appx. 228, 232 (6th Cir. 2006)(citing *Brown*, 422 U.S. at 601-02, 95 S. Ct. at 2260-61). As found by the state courts, Petitioner's confession was voluntary.

With regard to Petitioner's other objections to the Magistrate Judge's R&R, the Court finds no merit to his arguments. As Magistrate Judge Komives reasoned, a state court's findings of fact are presumed correct unless rebutted by Petitioner with clear and convincing evidence. *See* R&R at 13 (citing 28 U.S.C. § 2254(e)(1)). The Court agrees with the magistrate judge that Petitioner has not set forth sufficient evidence to rebut the state court's findings.

Accordingly,

**IT IS ORDERED**, that Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 is **DENIED**.

                                                    s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Nathan L. Peterson, #399944
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048

Brenda E. Turner, Esq.